## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**RICHARD HOVSEPIAN, as next of kin**
**and on behalf of L.H., a minor,**

                              **Case No.:**

    **Plaintiff,**

**v.**

**MIAMI-DADE COUNTY SCHOOL BOARD,**

    **Defendant.**

_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

**COMES NOW**, Plaintiff, Richard Hovsepian, as next of kin and on behalf of

L.H., a minor, by and through his undersigned trial counsel and files his Complaint

and Demand for Jury Trial against the Defendant, The School Board of Miami-Dade

County, Florida, and as grounds states:

### <u>*General Allegations*</u>

1.    This is an Complaint for damages by Plaintiff, Richard Hovsepian, as

next of kin and on behalf of L.H., a minor, against the Defendant, The School Board

of Miami-Dade County, Florida, for [Count I] Violation of *Title II* of the *Americans*

*with Disabilities Act* and [Count II] Violation of the *Rehabilitation Act of 1973.*

2.    Richard Hovsepian, as next of kin and on behalf of L.H., a minor, seeks

monetary damages not including reasonable attorney's fees and all allowable Court

costs associated with this action, which are part of this action.

3.     At all times material, Plaintiff, Richard Hovsepian, as next of kin and on behalf of L.H., a minor, was and continues to reside at 5117 NW 55th Street, Gainesville, Florida 32653.

4.     At all times material, L.H., a minor, based on medical conditions of anxiety and ongoing learning disabilities, is part of a protected class pursuant to the *Americans with Disabilities Act* and *Section 504, Rehabilitation Act.*

5.     At all times material, the Defendant, The School Board of Miami-Dade County, Florida, was and continues to be a political subdivision of the state of Florida with its principle place of business located at 1450 N.E. Second Avenue, Suite 912, Miami, Florida 33132, Miami-Dade County, Florida.

6.     On or about October, 2021, Plaintiff, L.H., a minor, was a student enrolled at iPrep Academy North, located at 1420 NE 215th Street, Miami, Florida 33179, Miami-Dade County, Florida.

7.     Plaintiff, L.H., a minor, during that same period of time, began experiencing stress related anxiety, culminating in stomach issues which grew in severity over the following months.

8.     The Defendant, The School Board of Miami-Dade County, Florida provided L.H. with a therapist; however, the therapy visits were ineffective and did

-2-

not alleviate the suffering of the stress related anxiety

9.      Ultimately, a private therapist was engaged at the expense of Plaintiff, Richard Hovsepian.

10.      On or about December, 2021, Plaintiff, Richard Hovsepian placed iPrep Academy North on notice through multiple emails that L.H. continued experiencing ongoing learning difficulties, culminating in stress, anxiety and the manifestation of medical issues diagnosed specifically as a result of the math teacher, Ms. Wilson.

11.      On or about May 5, 2022, Plaintiff,  L.H., a minor, was issued a 504 plan,  establishing L.H. as a "qualified individual with a disability" under *Section 504* of the *Rehabilitation Act of 1973*.

12.      The conduct of iPrep Academy North, after the initiation of the 504 plan was egregious, in that it failed to comply with the established 504 plan nor did it offer any assistance to L.H.  while attending the school virtually.

13.      As operators of the school, The School Board of Miami-Dade County, Florida, was charged with the custody, care and control of minor children, and had a duty, at all times material to this action, to provide an educational environment for qualified individuals with a disability, including Plaintiff, Richard Hovsepian's next of kin L.H., a minor.

14.      This described deliberate indifference and discrimination by the

Defendant, The School Board of Miami-Dade County, Florida, towards L.H. was by reason of the L.H.'s disability which The School Board of Miami-Dade County, Florida knew of and failed to act on.

15.     *Title II* of the *Americans with Disabilities Act*, applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities. Title II extends the prohibition on discrimination established by *Section 504* of the *Rehabilitation Act of 1973, as amended, 29 U.S.C. 794*, to all activities of state and local governments regardless of whether these entities receive Federal financial assistance.

16.     Further, *28 CFR Part 35.130(a)*, states: "No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."

17.     *Section 504* of the federal *Rehabilitation Act* states no otherwise qualified individual with a disability in the United States, as defined in section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program

or activity conducted by any Executive agency or by the United States Postal Service.

18.     The actions of the Defendant, The School Board of Miami-Dade County, Florida, as alleged are operational level decision making activities.  These activities do not fall into the category of institutional acts which involves policy making or planning, and do not involve discretionary governmental functions.  As such,  The School Board of Miami-Dade County, Florida, is not immune from liability in accordance with Title II of the *Americans with Disabilities Act*.

19.     *Title II* of the *Americans with Disabilities Act*, requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  *42 U.S.C. Section 12132; 28 C.F.R. Section 35.130(a)*.

20.     *Title II* of the *Americans with Disabilities Act*, also requires a public entity to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. *28 C.F.R. Section 35.130(b)(7)(I)*.

21.     Under *Title II* of the *Americans with Disability Act*, a public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability. *28 C.F.R. Section 35.130(b)(3)(I).*

22.     The Defendant, The School Board of Miami-Dade County, Florida, is a "public entity" within the definition of the *Americans with Disabilities Act, 42 U.S.C. Section 12131(1)* and *28 C.F.R. Section 35. 104* and is therefore subject to Title II of the *Americans with Disabilities Act*, and its implementing regulation.

23.     The Defendant, The School Board of Miami-Dade County, Florida, operates educational facilities, services, programs, and activities within the meaning of *Title II* of the *Americans with Disability Act*, which include its education programs for students with disabilities.

24.     Plaintiff, Richard Hovsepian, as next of kin and on behalf of L.H., a minor, retained the services of The Harr Law Firm to represent him in this matter and has agreed to pay said firm reasonable attorney's fees and costs.

25.     All conditions precedent to the filing of this action have occurred or been waived. *Luna Perez v. Sturgis Public Schools*, 598 U.S. 142, 143 S.Ct. 859, 215 L.Ed.2d 95.

### *COUNT I*

### *<u>VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT</u>*

26.     Plaintiff, Richard Hovsepian, as next of kin and on behalf of L.H., a minor, realleage the allegations contained in paragraphs 1 through 16 above.

27.     This Count is asserted pursuant to the *Americans with Disabilities Act, 42 U.S.C.A. §§ 12101 et seq. [ADA §§ 2 et seq.].*

28.     L.H. is a qualified individual with a disability as that term is defined by Title II of the *Americans with Disabilities Act, 42 U.S.C.A. § 12131(2) [ADA § 201(2)].*

29.     The Defendant, The School Board of Miami-Dade County, Florida, is a public entity as that term is defined by *Title II* of the *Americans with Disabilities Act, 42 U.S.C.A. § 12131(1) [ADA § 201(1)].*

30.     The Defendant, The School Board of Miami-Dade County, Florida, failed to provide reasonable accommodations for L.H. who needs attendant care for a documented medical conditions and who also has diagnosed cognitive difficulties limiting participation in the educational process.

31.     The Defendant, The School Board of Miami-Dade County, Florida, violated Title II of the *Americans with Disabilities Act, 42 U.S.C.A. § 12132 [ADA § 202]*, by excluding L.H. from participation in the educational process.

**WHEREFORE**, Plaintiff, Richard Hovsepian, as next of kin and on behalf of L.H., a minor, pray for an award of judgment for Plaintiff, Richard Hovsepian, as next of kin and on behalf of L.H., a minor, compensatory damages and pre-judgment and post-judgment interest, as well as reasonable attorneys fees, and all allowable costs incurred in this action.

## COUNT II

## *VIOLATION OF THE REHABILITATION ACT OF 1973*

32.    Plaintiff, Richard Hovsepian, as next of kin and on behalf of L.H., a minor, reallage the allegations contained in paragraphs 1 through 25 above.

33.    The Defendant, The School Board of Miami-Dade County, Florida, operates a "program or activity receiving federal financial assistance" under *Section 504* of the *Rehabilitation Act of 1973.*

34.    The Defendant, The School Board of Miami-Dade County, Florida, has denied L.H. equal participation in The School Board of Miami-Dade County, Florida's services and made participation unduly burdensome solely by reason of Plaintiff's disabilities in violation of *Section 504* of the *Rehabilitation Act of 1973* and its implementing regulations. *49 C.F.R. Pt. 27.*

35.    The Defendant, The School Board of Miami-Dade County, Florida,

denied L.H. the benefits of the service, programs, and activities.

36.     In engaging in the conduct described above, the Defendant, The School Board of Miami-Dade County, Florida, either intentionally discriminated against Plaintiff, L.H., a minor, or has been deliberately indifferent to the strong likelihood that the pursuit of its policies would result in violations of federally protected rights.

37.     The Defendant, The School Board of Miami-Dade County, Florida, systematically subjected L.H. to discrimination solely by reason of stated disabilities.  The violations of *Section 504* of the *Rehabilitation Act of 1973* by The School Board of Miami-Dade County, Florida, establish a claim for declaratory and injunctive relief and compensatory damages against The School Board of Miami-Dade County, Florida, pursuant to *Section 505* of the *Rehabilitation Act, 29 U.S.C.A. § 794a(a)(2)*.

**WHEREFORE**, Plaintiff, Richard Hovsepian, as next of kin and on behalf of L.H. , a minor, prays for judgment awarding Plaintiff, Richard Hovsepian, as next of kin and on behalf of L.H. , a minor, compensatory damages and pre-judgment and post-judgment interest, as well as reasonable attorneys fees, and all allowable costs incurred in this action.

### *Jury Demand*

38.     Plaintiff, Richard Hovsepian, as next of kin and on behalf of L.H. , a minor, demands a jury trial for each issue triable of right by a jury.

Dated this 15th day of July, 2024.

Respectfully submitted.

_/s/ Jason L. Harr_
**JASON L. HARR**
Florida Bar No.:  0194336
**THE HARR LAW FIRM**
The Harr Professional Center
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email: jasonharr@harrlawfirm.com
melissamaresca@harrlawfirm.com
miriamjuarez@harrlawfirm.com
Telephone:  (386) 226-4866
Telefax:  (386) 226-4886
**TRIAL COUNSEL FOR PLAINTIFF**
**RICHARD HOVSEPIAN**